# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1929 | **DATE** | March 30, 2011 |
| **CASE TITLE** | Smith vs. Sears, Roebuck & Co. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [3]) for leave to proceed *in forma pauperis* is denied without prejudice. Smith has 30 days from the date of this Order either to file an amended application or pay the $350 filing fee. Failure to comply with this Order will result in summary dismissal of this case. Smith's motion (Doc [4]) for appointment of counsel is denied.

■[ For further details see text below.]    Docketing to mail notices.

## ORDER

This case comes before the Court on the motions of Plaintiff Charmane Smith ("Smith") to proceed *in forma pauperis*, without prepayment of fees, and for appointment of counsel.

A litigant may proceed *in forma pauperis* if the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). According to Smith's application, she is unemployed, but receives income in the form of food stamps and disability or worker's compensation payments. Smith fails to state the amount of disability or worker's compensation payments she receives and expects to receive in the future. Because this Court is unable to assess Smith's indigence, we deny her motion to proceed *in forma pauperis* without prejudice. Smith has 30 days from the date of this Order either to file an amended application or pay the $350 filing fee. Failure to comply with this Order will result in summary dismissal of this case.

As to Smith's motion for appointment of counsel, a district court, in its discretion, may request that an attorney represent a party if the party is unable to afford or obtain counsel and the party is unable to represent herself competently. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). A court may grant a motion for appointment of counsel if: (1) the indigent plaintiff has made a reasonable attempt to obtain counsel, or has been effectively precluded from doing so; and (2) given the difficulty of the case, the plaintiff is not competent to litigate the case herself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). This Court denies Smith's motion for appointment of counsel for several reasons. First, as stated above, Smith failed to provide the necessary information for this

| ORDER |
|---|

Court to assess Smith's indigence. Second, Smith has not made a reasonable attempt to obtain counsel, as Smith contacted only one law firm located in another state, Pennsylvania. Finally, this case does not present sufficiently difficult issues, which would prevent Smith, an individual with some college education, from representing herself. Accordingly, Smith's motion for appointment of counsel is denied.

Dated: March 30, 2011

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Court Judge**