# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1929 | **DATE** | April 19, 2011 |
| **CASE TITLE** | Smith vs. Sears, Roebuck & Co. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [6]) for relief is denied. Smith also complains that this Court "neglected to return" to her a date-stamped copy of her complaint or IFP application. This Court has no obligation to send Smith copies of documents she has filed. Smith has fourteen (14) days from the date of this Order either to file an amended IFP application or pay the $350 filing fee. Failure to comply with this Order will result in summary dismissal of this case. Further, Smith is ordered to comply with Local Rule 5.2 and provide a courtesy copy of all filings. The Court will strike any document filed in violation of Local Rule 5.2.

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

This case comes before the Court on the motion of Plaintiff Charmane Smith ("Smith") for relief under Federal Rule of Civil Procedure 60 ("Rule 60").

On March 30, 2011, this Court denied Smith's motions for leave to proceed *in forma pauperis* (IFP) and for appointment of counsel. This Court denied Smith's motion for leave to proceed IFP, because Smith failed to provide the necessary information for this Court to assess Smith's indigence. This Court denied Smith's motion for appointment of counsel for several reasons. First, as with Smith's IFP application, this Court was unable to assess Smith's indigence. Second, Smith had not made a reasonable attempt to obtain counsel. Finally, this Court found that the case did not present sufficiently difficult issues which would prevent Smith, an individual with some college education, from representing herself.

On April 14, 2011, Smith filed a motion for relief from this Court's order under Rule 60 on the grounds that this Court's order purportedly contained clerical mistakes and this Court misread Smith's applications. First, Smith argues that her IFP application specified her income, stating that she receives $674 per month in social security income. As previously held, her IFP application does not state the amount of any social security income and, thus, this Court was unable to assess Smith's indigence. For this same reason, this Court was unable to assess Smith's indigence for her motion for appointment of counsel. Additionally, Smith argues that she made a reasonable attempt to obtain counsel. Although Smith claims she included the names of two law firms which she contacted, as previously held, Smith's motion only listed one law firm in another state. Further, Smith argues she is unable to obtain counsel because of tortious interference by computer hackers. Smith, however, states no reason why she cannot use a computer at a public library or the yellow pages to find attorneys. This Court made no errors, clerical or otherwise, in its order; rather, Smith misrepresents the contents of her IFP application and motion for appointment of counsel. Accordingly, this Court denies Smith's motion for relief.

| ORDER |
|---|

     Smith also complains that this Court "neglected to return" to her a date-stamped copy of her complaint or IFP application. This Court has no obligation to send Smith copies of documents she has filed.

     Smith has fourteen (14) days from the date of this Order either to file an amended IFP application or pay the $350 filing fee. Failure to comply with this Order will result in summary dismissal of this case. Further, Smith is ordered to comply with Local Rule 5.2 and provide a courtesy copy of all filings. The Court will strike any document filed in violation of Local Rule 5.2.

**Dated:**   April 19, 2011

                                                        **CHARLES P. KOCORAS**
                                                        **U.S. District Court Judge**